# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

VERONICA GARCIA,

     Plaintiff,

v.                                     Case No. 1:19-cv-00641-JAP-LF

DEFENDANT MICHAEL MARTINEZ,
STATE OF NEW MEXICO and its subsidiary
entities, NEW MEXICO CORRECTIONS DEP'T.
and WESTERN NEW MEXICO CORRECTIONAL
FACILITY, DEFENDANT ROBERTA LUCERO-ORTEGA,
Warden at the Western New Mexico Correctional
Facility, and DEFENDANT PETE PEREZ, Deputy
Warden at the Western New Mexico Correctional
Facility,

     Defendants.

## MOTION FOR LEAVE TO AMEND THE NOTICE OF REMOVAL

Defendants, Michael Martinez, State of New Mexico, New Mexico Corrections Department, Western New Mexico Correctional Facility, Roberta Lucero-Ortega, and Pete Perez (respectively, the "State", "NMCD", "WNMCF", "Martinez", "Lucero-Ortega", and "Perez"), through their undersigned counsel, file this Motion for Leave to Amend the Notice of Removal. A copy of the proposed Amended Notice of Removal appears attached as Exhibit A to this Motion.

Briefly stated, Defendants seek leave to amend the Notice of Removal filed on July 15, 2019, so as to clarify certain facts regarding their compliance with the procedural requirements for removal at 28 U.S.C. § 1446(b)(1) and (2). Although Defendants do not believe their original Notice of Removal was procedurally defective for failing to allege the facts presented below, to

the extent the Court finds otherwise, Defendants asserts any defects are technical and can be cured. Accordingly, in an abundance of caution, Defendants seek leave to amend[1] their Notice of Removal.

## I.      RELEVANT FACTS

Defendants preface this discussion by noting that they have already presented many of the facts listed below in Doc. 12 at 5-9, ¶¶ 1-26. They have also explained in pages 11-13 of that same document how these facts are relevant to determining whether their original Notice of Removal was timely filed or otherwise procedurally defective under 28 U.S.C. § 1446. For purposes of brevity, Defendants do not reiterate all those facts and arguments in Doc 12 here. Rather, they incorporate them by reference herein and focus this discussion on the most salient facts and arguments supporting amendment.

1.      Defendants filed their original Notice of Removal on July 15, 2019 (the "Notice"), asserting jurisdiction on the basis of federal question. [Doc. 1-1 at 2-3, ¶¶ 6-9.]

2.      Defendants asserted in therein that the removal was timely because it was filed "within 30 days of service on the Defendants." [Doc. 1 at 2, ¶ 4.]

3.      Defendants also advised in the Notice that it was difficult to state with precision exactly when mail delivery was actually effected on each of the different Defendants who received service by mail because the return receipts were not dated in all cases. [Doc. 1 at 2, ¶ 2.]

---

[1] As required by Local Rule 7.1(a), undersigned counsel contacted Garcia's counsel on August 28, 2019, in a good faith effort to seek concurrence prior to filing this Motion. Garcia's counsel advised by email that same day that Garcia opposes this Motion.

4.     Defendants did not state in the Notice that two of the Defendants—Lucero-Ortega and Perez—had not been properly served by mail at that point, but were waiving service effective immediately.

5.     The rules that governed service of process up to that point were set forth in the Rules of Civil Procedure for the District Courts of New Mexico, and those rules specifically provide that "Any defendant may waive the issuance or service of summons." Rule 1-004(A)(2) NMRA.

6.     In exercise of their rights under Rule 1-004(A)(2) NMRA, Lucero-Ortega and Perez waived service of summons on July15, 2019, effectively rendering them the last served Defendants for purposes of the removal statutes.

7.     More specifically, the removal statutes provide that *each* defendant shall have thirty days to remove from "receipt by or service on that defendant of the complaint or initial summons". 28 U.S.C. § 1446(b)(2)(B).

8.     The removal statutes provide that: "If defendants are served at different times, and a later-served defendant files a notice of removal, any earlier-served defendant may consent to the removal even though that earlier-served defendant did not previously initiate or consent to removal. . ." 28 U.S.C. § 1446(b)(2)(C).

9.     Defendants' counsel stated in the Notice that Defendants were giving Notice of Removal and specifically listed each of the Defendants by name, effectively representing that all Defendants consented to removal. *See* [Doc. 1 at 1].

10.     Defendants' counsel also set forth the grounds for removal in the Notice, stating that a federal question was apparent from the face of the Complaint, the Complaint presented an

actual controversy over violation of federal civil rights, and Garcia's cause of action under 42 U.S.C. § 1983 was created by federal statute. [Doc. 1 at 2-3, ¶¶ 6-9].

11.     Defendants' counsel signed the Notice as counsel for all Defendants and in accord with Rule 11 of the Federal Rules of Civil Procedure.

12.     The removal statutes prescribe that the notice of removal must be "signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and contain[] a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action." 28 U.S.C. § 1446(a).

13.     Defendants attached a copy of the Complaint to the removal notice [Doc. 1-1], and warranted that they would file a copy of the state court record within 28 days as required by the Local Rules. [Doc. 1 at 3, ¶ 9].

14.     On August 7, 2019, Defendants filed a copy of the state court record with this Court in compliance with the rules on removal. [Doc. 7-1].

15.     On August 14, 2019, Plaintiff Veronica Garcia ("Garcia") moved to remand this action arguing that Defendants failed to timely remove this action within 30 days. [Doc. 9 at 2, ¶¶ 3-4, 6-8].

16.     Garcia maintains in her Motion to Remand that she personally served Martinez on June 6, 2019, and served all other Defendants (the State, NMCD, WNMCF, Lucero-Ortega and Perez) by mail on or before June 11, 2019. [*Id.* at ¶¶ 3-4].

17.     The proof of service forms that Garcia filed in state court show that her counsel mailed a copy of the Complaint and summons to Lucero-Ortega in care of WNMCF [Doc. 7-1 at 36, 40], and also that her counsel knew or should have known Lucero-Ortega was no longer

4

Warden at WNMCF. *See* [*Id*. at 31, 35] (showing that Complaint and summons to WNMCF obtained that same day was addressed to WNMCF "care of Warden Leon Martinez").

18.     Defendants' counsel brought this point to the attention of Garcia's counsel during a teleconference on July 18, 2019, where the parties agreed to extend the deadline for answering the Complaint. *See* [Doc. 12-4] (referencing the parties' earlier teleconference discussion about the fact that Lucero-Ortega was no longer Warden and could not be served through WNMCF and this information was readily available).

19.     One of the reasons that Defendants' counsel cited for extending the deadline to file an answer was that Lucero-Ortega required additional time to review the Complaint because she had not been properly served by mail prior to July 15, 2019, and had waived service to remove the action expeditiously.

20.     Defendants' counsel advised Garcia's counsel during this teleconference that none of the Defendants would be contesting service.

21.     On July 24, 2019, Garcia's counsel obtained a new summons for Lucero-Ortega from the Clerk of the U.S District Court for the District of New Mexico. *See* CM-ECF Entry for Activity in this Case for 7/24/19 at 9:17 a.m.

22.     Per the agreement of the parties, all Defendants filed their Answers and Affirmative Defenses on August 14, 2019. [Doc. 10].

23.     As Defendants' counsel advised, Defendants did not assert as an affirmative defense that there was insufficient service of process on any Defendants. [*Id*. at 20-14, § Affirmative Defenses].

24.     Lucero-Ortega received a copy of the Complaint and federal summons by mail addressed to her current place of work on August 7, 2019. [Doc. 12-2 at ¶¶ 9-14]; [Doc. 13].

25.     To date, Perez has not been formally served with a copy of the Complaint and/or a summons issued either by state or federal court. [Doc. 12-3 at ¶ 11].

26.     The removal statutes allow that a defendant may initiate removal based on "receipt by the defendant "through service or otherwise[]" of a copy of the initial pleading . . ." 28 U.S.C. § 1446(b)(1).

27.     Undersigned counsel entered an appearance on behalf of all Defendants on July 15, 2019, in the state court action before filing the original Notice of Removal. [Doc. 7-1 at 51-56].

## II.     STANDARDS GOVERNING AMENDMENTS TO REMOVAL NOTICES

Title 28 of the United States Code, Section 1446 ("Section 1446") sets a strict thirty-day deadline for filing a notice of removal. The notice of removal must be filed within thirty days after a defendant receives a copy of the state court complaint, or is served with the complaint and summons, whichever occurs first. 28 U.S.C. § 1446(b). The requirement that a defendant file the notice of removal within thirty days is mandatory, but not jurisdictional. *Thompson v. Intel Corp.*, No. CIV 12-0620 JB/LFG, 2012 WL 3860748, at *6 (D.N.M. Aug. 27, 2012); *United States ex rel. Walker v. Gunn*, 511 F.2d 1024, 1026 (9th Cir. 1975) ("[T]he statute, insofar as the time for removal is concerned, is imperative and mandatory, must be strictly complied with, and is to be narrowly construed."); *Somlyo v. J. Lu–Rob Enterprises*, 932 F.2d 1043, 1046 (2nd Cir. 1991) ("while the statutory time limit is mandatory, it is merely a formal and modal requirement and is not jurisdictional. . .". (internal quotation omitted). *"A defect in the removal notice, an untimely removal notice, or any failure to comply with the requirements of § 1446(b) constitutes a defect in

removal procedure." *Moreno v. Taos Cty. Bd. of Comm'rs,* 778 F. Supp. 2d 1139, 1141 (D.N.M. 2011). And a party may move to remand an action based on subject matter jurisdiction or a defect in removal procedure. *See* 28 U.S.C. § 1447.

During the thirty-day period prescribed for removal, leave to amend the notice of removal is freely granted. *Pub. Serv. Co. of New Mexico v. Lyons*, No. CV 98-642 MV/LCS, 1998 WL 36030240, at *1 (D.N.M. Oct. 6, 1998) (citing *Iwag v. Geisel Compania Martima, S. A.*, 882 F. Supp. 597, 601 (S. D. Tex. 1995)). "Once the thirty day period has expired, the defendant may amend the notice of removal to cure procedural and jurisdictional defects." *Lyons*, 1998 WL 36030240, at *1 (citing *Woodall v. Insurance Co. of North America*, 582 F.Supp. 247, 248 (N.D. Ga. 1984); *Kacludis v. GTE Sprint Communications Corp.*, 806 F.Supp. 866, 869 (N.D. Cal. 1992); and *Hendrix v. New Amsterdam Casualty Co.*, 390 F.2d 299, 301-302 (10th Cir. 1968)).

Title 28 of the United States Code, Section 1653 vests both district courts and appellate courts with the power to grant leave to amend "defective allegations of jurisdiction" in pleadings. The Tenth Circuit has relied on this statute on a number of occasions to grant leave to amend notices of removal to correct defective allegations of diversity or federal-question jurisdiction. *See Daneshvar v. Graphic Tech., Inc.*, 237 F. App'x 309, 315 (10th Cir. 2007); *see also Jenkins v. MTGLQ Investors,* 218 F. App'x. 719, 723 (10th Cir. 2007) (unpublished) (granting unopposed motion to amend notice of removal to properly allege jurisdictional facts); *Lopez v. Denver & Rio Grande W.R.R. Co.*, 277 F.2d 830, 832 (10th Cir. 1960)("Appellee's motion to amend its petition for removal to supply sufficient allegations of citizenship and principal place of business existing at the time of commencement of this action is hereby granted, and diversity jurisdiction is therefore present.").

Section 1653 "permits amendments of incorrect statements about jurisdiction ..." with the intent of "avoid[ing] dismissal on technical grounds." *Daneshvar*, 237 F. App'x at 315 (quotations omitted). Because of that fact, "[a]mendments are limited to those that are 'technical' in nature, as opposed to 'substantive.' " *Zamora v. Wells Fargo Home Mortg.*, 831 F. Supp. 2d 1284, 1304 (D.N.M. 2011); *Marshall v. Skydive Am*. S., 903 F. Supp. 1067, 1070–71 (E.D. Tex. 1995) ("The right of a defendant to amend the notice of removal under § 1653 is a limited one because amendments are permitted solely to cure defective allegations of jurisdiction and cannot be used to amend a substantial defect in removal proceedings.")(internal quotations omitted).

"Removal *statutes* are to be strictly construed, and all doubts are to be resolved against removal." *Fajen v. Found. Reserve Ins. Co*., 683 F.2d 331, 333 (10th Cir. 1982) (citations omitted) (emphasis added). Thus, a court is not free to extend the statutory deadline governing removal, and the parties cannot agree to extend the deadline. *Cook v. Robinson*, 612 F. Supp. 187, 190 (E.D. Va. 1985) ("The thirty day limitation is mandatory and cannot be extended by the court.")(quotation omitted); *Zamora v. Progressive N. Ins. Co.,* No. CV 15-118 JCH/SCY, 2015 WL 13389920, at *3 (quoting *Wachovia Bank, N.A. v. Deutsche Bank Trust Co. Americas*, 397 F. Supp. 2d 698 (W.D.N.C. 2005)) (agreements to extend the removal deadline are unenforceable for *"the removal deadline may not be extended by party stipulation")* (emphasis added).

However, the rule that removal statutes are to be strictly construed in this manner does not mean that the *notice of removal itself* is to be strictly construed. *See Tresco, Inc. v. Cont'l Cas. Co*., 727 F. Supp. 2d 1243, 1255 (D.N.M. 2010) (refusing to read a requirement into the removal statute at Section 1446(b) wherein a defendant consenting to removal by a co- defendant could not relay his consent to the removing defendant's counsel and would have to sign a duplicate notice

8

affirming his consent and noting that the statute is silent as to how consent must be conveyed and cautioning that it is "the statute [that] is strictly construed and not the notice").

III.     **ARGUMENT: The Notice contained an allegation regarding timeliness, and the facts show that the veracity of the allegation cannot reasonably be disputed. Thus, the *removal* was not procedurally defective, and to the extent the Court finds the Notice defectively alleged timeliness, the defect may be cured through an amended notice.**

The "nuts and bolts", so to speak, of the removal process are set forth in Section 1446. This Section provides very limited instructions on the contents of a removal notice. *See* Relevant Facts ("Facts"), *supra* at ¶ 12. The instructions are contained in subpart 'a' of the Statute, which prescribes that the notice of removal must be "signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and contain[] a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action." 28 U.S.C. § 1446(a). Section 1446 provides that a defendant must remove an action within thirty days of the date the defendant received or was served with a copy of the complaint, 28 U.S.C. § 1446(b)(1). However, Section 1446 does *not* mandate that a defendant affirmatively state in the removal notice exactly when or how receipt or service of the complaint occurred. In other words, the Statute is silent on the subject of how a defendant is to show compliance with this procedural requirement (i.e., whether he or she must specifically allege timeliness and set forth supporting facts).

Granted, in a typical case, timeliness would be evidenced by attaching copies of all "process" served upon a defendant or defendants in the state court action as Section 1446(a) requires. Defendants complied with Section 1446's requirement to attach a copy of such documents by filing a copy of the state court record. *See* Facts at ¶¶ 13-14; *see also Countryman*

*v. Farmers Ins. Exch.*, 639 F.3d 1270, 1272 (10th Cir. 2011) (failure to attach a copy of a co-defendant's summons to the notice of removal was a de minims procedural defect that could be cured either before or after the thirty day period); *May v. Bd. of Cty. Comm'rs for Cibola Cty.*, 945 F. Supp. 2d 1277, 1303–04 (D.N.M. 2013) (denying a motion to remand where defendants failed to attach copies of all documents in the state court action to the notice of removal and stating that the Local Rule on removal does not require simultaneous filing and defendants complied by filing the record within twenty-eight days).

In this case, though, the copies of "process" that Garcia filed in state court to establish proof of service did not reflect the actual dates of service for all Defendants. Facts, *supra* at ¶ 17. Defendants called attention to this fact in their Notice. Facts, *supra* at ¶ 3.

Additionally, the copies of process that Garcia filed for two of the Defendants—Lucero-Ortega and Perez did not comply with the requirements for effecting service on these Defendants, *See* [Doc. 12 at 5-6 ¶¶ 3-6]. Lucero-Ortega was not before this matter was removed, and Perez was never formally served. Facts, *supra* at ¶¶ 24-25. Defendants' counsel advised Garcia's counsel that it should have been readily apparent in Lucero-Ortega's case, at least, that she was not properly served by mail. *See* Facts, *supra* at ¶ 17 (comparing [Doc. 7-1 at 36, 40] for service to "Warden Lucero Ortega" care of WNMCF) with [Doc. 7-1 at 31, 35] (for service upon WNMCF obtained that same day, which was addressed to WNMCF "care of Warden Leon Martinez").

Although Lucero-Ortega and Perez were not formally served before this matter was removed, they waived service of process on July 15, 2019, Facts, *supra* at ¶ 6, which was their right to do under the state civil procedural rules governing service. Facts, *supra* at 5. Once they exercised their right to waive service in this matter, Lucero-Ortega and Perez each had thirty days

10

under Section 1446 to remove this matter, Facts, *supra* at ¶ 7, and they did so without further delay.

Facts at ¶ 6. Admittedly, the Notice did not affirmatively identify Lucero-Ortega and Perez as the

removing Defendants. To the extent that was a procedural omission, Defendants should be given

leave to cure it because the Notice did affirmatively state that upon information and belief, removal

was timely and within thirty days of service on Defendants.[2] It cannot reasonably be denied based

on the Facts cited in Section 2 and the sworn Declarations by Lucero-Ortega and Perez [Doc. 12-

2 and 12-3] that removal was timely.

Defendants have not found any case law from this District or the Tenth Circuit that

specifically addresses the question of how a defendant is expected to plead timeliness in a notice

of removal. However, the Eastern District of Virginia has addressed this issue in *FHC Options,*

*Inc. v. Sec. Life Ins. Co. of Am.*, 993 F. Supp. 378, 379–81 (E.D. Va. 1998),[3] and Defendants submit

---

[2] While Defendants were not able to state at the time of removal exactly when NMCD was served by mail, they have never asserted that NMCD was not properly served at some point before June 17, 2019. *See* [Doc. 12 at 6-7, ¶¶ 7-11] (discussing inconclusive nature of USPS tracking data for copy of complaint and summons mailed to NMCD) and [Doc 7-1 at 46, 50] (showing copy of process that was served on NMCD by mail was filed in state court on June 17, 2019, and included a signed but undated return receipt for that mail). Thus, service on NMCD was clearly effected by that date at the very latest.

[3] Admittedly, another court in the Eastern District of Virginia dealt with this issue prior to *FHC*, and reached a different result. *See Cook v. Robinson*, 612 F. Supp. 187, 190 (E.D. Va. 1985) (finding that a case should be remanded to state court where the removing defendants *failed to make any allegations at all* in their petition concerning the timeliness of removal and did not provide copies of any process served on them, which might otherwise allow the court to determine that removal was timely). However, in *Cook*, the court did not attempt to determine whether Section 1446(a) requires that a defendant specifically allege timeliness as the court did in *FH*C. Additionally, it appears that there were real questions in *Cook* as to whether removal was timely and/or whether all defendants consented given that the complaint included claims against John and Jane Doe defendants. *Id*. at 189. Although these defendants were not identified by name in the complaint, the removing defendants' counsel filed an answer that sought relief for them, which would suggest their identities could be determined and they might have been served. *Id*. But, there was no indication in the record whether they actually were served. As the court noted:

> There is no indication in the record whether the Does have been served under applicable State procedure. *If they in fact have not been served* and if they are proper parties in this action, *they would have the thirty day period established under 28 U.S.C. § 1446(b) to join the petition for removal.* *Id*. However, because I determine that defendants Robinson, King, and the City of Richmond did not properly remove the action it must be remanded *regardless of the necessity of Does joining in the petition* and *regardless of what they may subsequently do under § 1446.*

its reasoning is persuasive. The plaintiff in *FHC* had moved to remand the action, arguing, in part, that the defendant Security Life Insurance ("Security") failed to include a statement on timeliness in its notice of removal. *Id.* at 379. The record did not contain a copy of a return of service for Security, *id.* at 378, but there was also no allegation that Security removed after the thirty-day deadline expired. *See id*. at 378-381. Rather, the argument was that Security's removal petition was defective on its face for failing to allege compliance with the thirty-day time limit in Section 1446(b).

The *FHC* court began its analysis by stating that it appeared the only thing Section 1446(a) actually required a defendant to plead in the notice of removal is the "grounds" for removal, i.e., "all the grounds required to support this Court's jurisdiction." *Id*. at 380. However, the court acknowledged there was no question that in addition to pleading *grounds for removal* for purposes of Section 1446(a), a defendant *had to comply with the time limits for removal* in Section 1446(b).

---

*Id*. (emphasis added). Thus, *Cook* is distinguishable on the facts from the instant case. Here, Defendants *did* include an allegation in the Notice that removal was timely. Facts, *supra* at ¶ 2. Thus, if this Court decides Section 1446 requires that a defendant specifically plead timeliness, the question would be whether Defendants *defectively* alleged timeliness and whether they should be allowed to cure it. *See Cook*, 618 F.Supp. at 190 ("Defendants did not defectively allege the timeliness of their petition, but rather failed to make any allegation at all concerning the timeliness of the petition. Therefore 28 U.S.C. § 1653 is inapplicable."). Additionally, in contrast to the defendants in *Cook*, the Defendants in the instant case *have* provided the Court with copies of all process served on them. Facts, *supra* at ¶¶ 8, 14. Defendants have also provided sworn declarations by the two Defendants who clearly were not properly served prior to removal in order to establish when and how those Defendants exercised their right to remove this action. [Doc. 12-2]; [Doc. 12-3]; [Doc. 13]. Thus, based on the "whole record", the Court is able to determine that Defendants did comply with the deadline for removal. *See Cook*, 618 F.Supp. at 190 (noting the majority opinion is that "the whole record brought forward on removal should be examined to determine removal jurisdiction.") (citation omitted); *see also Ellerbee v. Union Zinc, Inc*., 881 F. Supp. 162, 166–67 (E.D. Pa. 1995) (because the record here establishes that Old Sout''s removal notice was in fact timely, I find that its removal papers adequately plead timeliness. . .(citing *Cook*, 618 F.Supp. at 190) In any event, I deem any defects in Old South's and Union Zinc's papers technical, and I will allow Old South and Union Zinc to cure them by amendment."). And the Notice should be considered sufficient to establish that all earlier-served Defendants consented given that all Defendants in this action are represented by the same counsel and were specifically named in the Notice. *See* Facts, *supra* at ¶¶ 11, 27; *see also* [Doc. 12 at 13-15, § Argument B on unanimity requirement].

*Id*. The court reasoned that determining whether subpart 'b' of the Statute required Security to also plead compliance with the thirty-day time limit for removal would turn on whether the time limit "is itself jurisdictional." *Id*.

Although it was an open question within the Fourth Circuit as to whether the time limit was jurisdictional, the court noted in *FHC* that the overwhelming weight of authority from other federal circuits held the deadline was not jurisdictional. *Id*. at 380 (citing cases from the Second, Fifth, Sixth, Seventh, and Ninth). Given this fact, the court concluded that failure to plead compliance in the notice of removal was not grounds to remand under Section 1446(a). *Id*. In reaching this conclusion, the court was careful to distinguish failure to comply with the thirty-day time limit itself from failure to affirmatively plead such compliance in the notice of removal. *Id*. The court affirmed that the statutory time limit for removal under Section 1446(b) was to be strictly enforced and failure to comply with the deadline was grounds for immediate remand. *Id*.

The court's determination in *FHC* that the thirty-day time limit on removal is mandatory but not jurisdictional accords with the view of courts in this District. *See, e.g., Thompson*, No. CIV 12-0620 JB/LFG, 2012 WL 3860748, at *6 ("The requirement that a defendant file the notice of removal within thirty days is mandatory, but not jurisdictional."). It is important to reiterate, as Judge James Browning has noted, "the statute is strictly construed and not the notice." *May*, 945 F. Supp. 2d at 1302, and "There should be no additional requirements [on content of the removal notice] where Congress has not included them [in the removal statutes]." *Id*. at 1303.

The facts Defendants have listed in Section I of this Motion establish that Defendants did timely remove this matter within thirty days of the date when Lucero-Ortega and Perez waived service of process. There is no question that these Defendants each had the right to remove within

thirty days of the date when they were served and had the right to waive service if they so choose. In short, the whole record before this Court on Garcia's Motion to Remand, allows the Court to ascertain that Defendants complied with the Section 1446(b). To the extent, the Court finds Defendants *defectively* alleged they had complied with Section 1446(b), it should allow them to cure the defect by filing an Amended Notice of Removal.

WHEREFORE, Defendants submit the attached Amended Notice of Removal and ask that the Court grant them leave to file it should the Court find the original Notice was procedurally defective.

Respectfully submitted,

ROBLES, RAEL & ANAYA, P.C.


By: /s/ Luis Robles
Luis Robles
Marcus J. Rael, Jr.
Attorneys for Defendants
500 Marquette Ave., NW, Suite 700
Albuquerque, New Mexico 87102
(505) 242-2228
(505) 242-1106 (facsimile)
luis@roblesrael.com
marcus@roblesrael.com

14

**CERTIFICATE OF SERVICE**

I hereby certify that on this 31st day of August, 2019, I filed the foregoing Motion for Leave to Amend the Notice of Removal was filed electronically via the Court's CM/ECF system which caused all counsel of record to be served with an electronic copy of this Motion.

<u>/s/ Luis Robles</u>
Luis Robles