IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**VERONICA GARCIA,**
                **Plaintiff,**

v.                                                      Case No. 1:19-cv-00641-JAP-LF

**DEFENDANT MICHAEL MARTINEZ,**
**STATE OF NEW MEXICO and its subsidiary**
**entities, NEW MEXICO CORRECTIONS DEP'T.**
**and WESTERN NEW MEXICO CORRECTIONAL**
**FACILITY, DEFENDANT ROBERTA LUCERO-ORTEGA,**
Warden at the Western New Mexico Correctional
Facility, and **DEFENDANT PETE PEREZ,** Deputy
Warden at the Western New Mexico Correctional
Facility,
                **Defendants.**

**PLAINTIFF'S MOTION TO RECONSIDER ORDER GRANTING DEFENDANT MICHAEL MARTINEZ, STATE OF NEW MEXICO, NEW MEXICO CORRECTIONS DEPARTMENT, WESTERN NEW MEXICO CORRECTIONAL FACILITY, ROBERTA LUCERO-ORTEGA, AND PETE PEREZ' MOTION FOR JUDGMENT ON THE PLEADINGS WITH RESPECT TO COUNTS I-IV PURSUANT TO RULE 59(e) AND MEMORANDUM IN SUPPORT THEREOF**

      Plaintiff Veronica Garcia, through her attorneys of record, GORENCE & OLIVEROS (Louren Oliveros) and AEQUITAS LAW OF NEW MEXICO, LLC (Anna C. Martinez) hereby file this Motion to Reconsider the Court's Memorandum Opinion and Order, dated October 23, 2019 [Doc. No. 31], granting Defendant Michael Martinez, State of New Mexico, New Mexico Corrections Department, Western New Mexico Correctional Facility, Roberta Lucero-Ortega, and Pete Perez' Motion for Judgment on the Pleadings with Respect to Counts I-IV [Doc. No. 15] and the Partial Judgment entered concurrently [Doc. No. 32]. In support of her Motion to Reconsider, Plaintiff states:

**ARGUMENT**

**I.   INTERVENING CHANGE IN LAW REQUIRES RECONSIDERATION OF THE COURT'S ORDER DISMISSING COUNTS I-IV OF THE COMPLAINT PURSUAN TO RULE 59(e)**

"A motion for reconsideration of an order granting summary judgment or dismissal is essentially the same as a Rule 59(e) motion to alter or amend judgment." *National Union Fire Ins. Co. v. Midland Bancor, Inc.*, 869 F. Supp. 880, 883 (D. Kan. 1994). "Rule 59(e) 'applies to cases involving summary judgment as well as those involving judgment after trial.'" *Herrera v. City of Albuquerque*, 674 F. Supp.2d 1271, 1276 (D.N.M. 2008) (quoting *Servants of the Paraclete, Inc. v. Great American Ins. Co*., 866 F. Supp. 1560, 1581 (D. N.M. 1994), *aff'd sub. nom. Servants of the Paraclete v. Does*, 204 F.3d 1005 (10th Cir. 2000)). "Rule 59(e) relief is available in limited circumstances, including **(1) an intervening change in the controlling law**, (2) when new evidence previously was unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Hayes Family Trust v. State Farm Fire & Cas. Co.*, 845 F.3d 997, 1004 (10th Cir. 2017) (quoting *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000)(emphasis added)); *accord Somerlott v. Cherokee Nation Distribs., Inc.*, 686 F.3d 1144, 1153 (10th Cir. 2012). *See also Sinclair Wyo. Ref. Co. v. Infrassure Ltd.*, No: 15-CV-194-F, 2017 U.S. Dist. LEXIS 121390, *14 (D. Wyo. May 25, 2017) (granting motion); *Jones v. Castellucci*, 13-CV-203-F, 2014 U.S. Dist. LEXIS 192013, *3 (D. Wyo. July 16, 2014); *Osborn v. Lampert*, No. 12-CV-139[-F], 2013 U.S. Dist. LEXIS 196186, *2 (D. Wyo. Feb. 12, 2013); *LNV Corp. v. Shepherd*, No. 10-CV-56-F, 2010 U.S. Dist. LEXIS 147541, *2 (D. Wyo. Sept. 22, 2010); *Georgia-Pacific, LLC v. Diversified Transfer & Storage, Inc.*, No. 10-CV-83-F, 2010 U.S. Dist. LEXIS 146856, *2 (D. Wyo. Sept. 22, 2010).

The instant Motion is justified based upon a change in controlling law that occurred since the Court's Order was entered. Specifically, on February 25, 2020, Gov. Lujan Grisham signed into law a substantive change to the law enforcement waiver provision of the New Mexico Tort Claims Act, NMSA 1978, § 41-4-1, *et seq.,* that altered the definition of a "law enforcement officer" in a manner that undermines the prior holdings upon which this Court relied in granting Defendants' Motion. NMSA 1978, § 41-4-12 NMSA, which until chaptered is properly cited as Laws 1976, Chapter 58, Section 12, as amended, has been amended to read:

> 41-4-12. LIABILITY--LAW ENFORCEMENT OFFICERS.—The immunity granted pursuant to Subsection A of Section 41-4-4 NMSA 1978 does not apply to liability for personal injury, bodily injury, wrongful death or property damage resulting from assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, defamation of character, violation of property rights, failure to comply with duties established pursuant to statute or law or deprivation of any rights, privileges or immunities secured by the constitution and laws of the United States or New Mexico when caused by law enforcement officers while acting within the scope of their duties. For purposes of this section, **"law enforcement officer" means a public officer vested by law with the power to maintain order, to make arrests for crime _or_ to detain persons suspected of committing a crime, whether that duty extends to all crimes or is limited to specific crimes.**

*Id*. (emphasis added).

This Motion is not an attempt to re-argue the Court's decision based upon the law as it was in December. Instead, based upon the State of New Mexico's decision to waive immunity for the violation of a statutory or legal duty and based upon the State's decision to further waive immunity for a much wider swath of personnel through its expansion of the statutory definition of law enforcement officers—far beyond the definition as set forth in the Court's Order—the corrections officers named herein as well as their state-employed supervisors are now subject to suit under the Act. Indeed, from the effective date of the Act forward suit is permitted against any state actor "vested by law with the power to maintain order, to make arrests for crime **_or_** to

3

detain persons suspected of committing a crime, whether that duty extends to all crimes or is limited to specific crimes." (Emphasis added).

**II. THE "PRINCIPAL DUTIES" TEST IS NO LONGER THE STANDARD IN DETERMINING WHETHER A STATE ACTOR IS A LAW ENFORCEMENT OFFICER. THE POWER TO ENFORCE "TO MAKE ARRESTS FOR CRIME OR TO DETAIN PERSONS SUSPECTED OF COMMITTING A CRIME, WHETHER THAT DUTY EXTENDS TO ALL CRIMES OR IS LIMITED TO SPECIFIC CRIMES."**

As the Court is aware, Defendants' Motion argued that Plaintiffs' state tort claims were not permitted under § 41-4-12, because Defendants were not "law enforcement officers" for the purposes of the waiver of statutory liability set forth therein. The Court relying primarily on the interpretation of the term "law enforcement officers" as set forth by the New Mexico Court of Appeals in *Callaway v. New Mexico Dept. of Corrections*, 1994-NMCA-049, 875 P.2d 393, held that the Defendants' Motion was well-taken. However, based upon the change in the statute, the "principal duties" test to determine who is included in the "law enforcement officer" is no longer the state of the law. Under the new waiver provision, the waiver applies to any state actor who is empowered to arrest for any charge "whether that duty extends to all crimes or is limited to specific crimes." Laws 1976, Chapter 58, Section 12, as amended.

The Court recognized in its order that, previously, the Tort Claims Act defined "law enforcement officer" as

> a full-time salaried public employee of a governmental entity, or a certified part-time salaried police officer employed by a governmental entity, whose principal duties under law are to hold in custody any person accused of a criminal offense, to maintain public order or to make arrests for crimes, or members of the national guard when called to active duty by the governor.

Memo. Op. and Order, Doc. 31, at p. 11, fn. 8.(*citing* NMSA 1978 § 41-4-3(D)). Under the new enactment, however, the New Mexico Legislature saw fit to remove the "principal duties" portion of the law enforcement officer definition as the definition applies to the waiver of immunity. The Court noted in its Order the fact that *Callaway, id*., acknowledged that correctional officers in

4

this state have the power to arrest. Under the change in statute, the State of New Mexico has decided that any person empowered to arrest any citizen is a "law enforcement officer" whether the power to arrest "extends to all crimes or is limited to specific crimes." *Id*. Consequently, as the corrections officers sued herein inarguably have the power to arrest, even in a limited capacity, they are law enforcement officers under the amended law enforcement waiver of the New Mexico Tort Claims Act.

**III.   ALTERNATIVELY, IN THE ABSENCE OF AN APPELLATE CASE ON POINT, PLAINTIFF REQUESTS THAT THIS COURT CERTIFY THE QUESTION OF THE APPLICABILITY OF THE NMTCA'S BROADENED IMMUNITY WAIVER TO THE NEW MEXICO SUPREME COURT**

As this Court held: "[t]he New Mexico Supreme Court may 'answer a question of law certified to it by a court of the United States . . . if the answer may be determinative of an issue in pending litigation in the certifying court and there is no controlling appellate decision, constitutional provision or statute of this state.' NMSA 1978 § 39-7-4 (emphasis added). Because the New Mexico Court of Appeals addressed this question in *Callaway*, this Court declines Plaintiff's request for certification." Memo. Op. and Order, Doc. 31, at p. 11, fn. 8. There is no decision interpreting the revised, broadened waiver provision. Therefore, Plaintiff requests that the Court certify the present question to the New Mexico Supreme Court so that this new waiver provision's applicability to corrections officers can be expediently decided for the State.

**IV.   VICARIOUS LIABILITY SHOULD ALSO BE RECONSIDERED**

As the Court stated: "Plaintiff also claims that Defendants State, NMCD, and WNMCF are vicariously liable for their employees' torts committed by their employees by means of their agency relationship. Compl., Doc. 1-1, ¶¶ 65, 70, 76, 83. A governmental entity remains vicariously liable 'for any tort of its employee acting within the scope of duties for which

5

immunity is waived.' *Silva v. State*, 1987-NMSC-107, ¶ 15, 106 N.M. 472, 745 P.2d 380."  Memo. Op. and Order, Doc. 31, p. 13. The Court dismissed all vicarious liability claims of the supervisors, the State, and its agencies finding no liability for the conduct of "non-excepted" employees. *Id*., at p. 14. Given that the intervening change in law now provides a plausible exception from immunity for Defendant Martinez, so too should Defendants Lucero-Ortega, Perez, the State of New Mexico, NMCD, and WNMCF face trial for vicarious liability.

Counsel for Defendants have been contacted and oppose this Motion.

## CONCLUSION

Pursuant to the intervening change in law, Plaintiff respectfully requests that the Court reconsider its decision and either a) deny Defendants' Motion outright, or, in the alternative, b) certify the question regarding whether the new definition of "law enforcement officer" allows suit against correctional officers for rape, a type of battery, and other enumerated tort claims to the New Mexico Supreme Court, for a hearing in this matter, and for whatever other relief this Court deems just and proper.

Respectfully submitted,

**GORENCE & OLIVEROS, P.C.**

"**Electronically Filed**"
/s/ Louren Oliveros
300 Central Avenue SW, Suite 1000E
Albuquerque, New Mexico 87102
Telephone: (505) 244-0214
oliveros@golaw.us

—and—

**AEQUITAS LAW OF NEW MEXICO, LLC**

"**Electronically Filed**"
/s/ Anna C. Martinez
P.O. Box 25304

        Albuquerque, NM 87125
        (505) 750-8005
        anna@aequitas.pro

        Attorneys for Plaintiff

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on _____, I filed the foregoing electronically through the Court's CM/ECF system, which caused all counsel of record to be served by electronic means.

/s/ Louren Oliveros
Attorney for Plaintiff