IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**VERONICA GARCIA,**

    Plaintiff**,**

v.                                                                                                                     Case No. CIV-19-00641 JAP/LF

**DEFENDANT MICHAEL MARTINEZ,**
**STATE OF NEW MEXICO and its subsidiary**
**entities, NEW MEXICO CORRECTIONS DEPT.**
**and WESTERN NEW MEXICO**
**CORRECTIONAL FACILITY,**
**DEFENDANT ROBERTA LUCERO ORTEGA,**
**Warden at the Western New Mexico Correctional**
**Facility, and DEFENDANT PETE PEREZ, Deputy**
**Warden at the Western New Mexico Correctional**
**Facility,**

    Defendants.

**DEFENDANTS' RESPONSE TO MOTION TO RECONSIDER ORDER GRANTING**
**DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS WITH RESPECT**
**TO <u>COUNTS I-IV UNDER THE NEW MEXICO TORT CLAIMS ACT</u>**

    Defendants Michael Martinez, State of New Mexico, New Mexico Corrections Department, Western New Mexico Correctional Facility, Roberta Lucero-Ortega, and Pete Perez (respectively, "Martinez", the "State", "NMCD", "WNMCF", "Lucero-Ortega", and "Perez"), through their undersigned counsel, state the following for their Response to Plaintiff's Motion to Reconsider:

                                              **I.**     **INTRODUCTION**

    Plaintiff asks the Court to reconsider its Order dismissing Counts I-IV on Defendants' motion for judgment on the pleadings. [Doc. 48 at 1] (citing Docs. 15 and 32); *see also* [Doc. 31

at 11-13]. Counts I-IV stated claims for sexual assault, battery, false imprisonment and for deprivation of unspecified state constitutional rights arising under the law enforcement waiver ("Section 41-4-12") of the New Mexico Tort Claims Act ("NMTCA") [Doc. 1-1 at ¶¶ 7, 60-84]. Each of these claims were predicated on allegations of misconduct (rape, coercion, and intimidation) by Defendant Martinez, who was formerly a correction officer ("CO") at Western New Mexico Correctional Facility ("WNMCF"). [*Id*. at ¶¶ 18-20, 26, 30-31, 24, 37-38] (pleadings, Factual Background); *see also* Doc. 15 at 2-3] (recitation of Relevant Facts for purposes of Motion for Judgment on Pleadings). Plaintiff sought to hold the State and former WNMCF Warden Lucero-Ortega liable for CO Martinez' intentional torts and constitutional abuses on a theory of vicarious liability. [*Id*. at ¶¶ 65, 70. 76 and 83].

Defendants argued these claims had to be dismissed because neither CO Martinez nor Lucero-Ortega would be considered law enforcement officers for purposes of the waiver of immunity in Section 41-4-12 of the NMTCA. [Doc. 15 at 6-13, § Argument III(A)]. More specifically, Defendants argued it is black letter law in New Mexico that corrections officers at state post-conviction facilities in New Mexico are not law enforcement officers for purposes of the NMTCA. [*Id*. at 11-12] (citing *Peña v. Greffet*, 110 F. Supp. 3d 1103, 1136–37 (D.N.M. 2015); *Callaway v. N.M. Dep't of Corr.*, 1994–NMCA–049, ¶¶ 11-12, 117 N.M. 637, *cert. denied*, 118 N.M. 90, 879 P.2d 91; *Davis v. Bd. of Cnty. Comm'rs of Dona Ana Cnty.*, 1999–NMCA–110, ¶ 35, 127 N.M. 785; *Anchondo v. Corr. Dep't*, 1983-NMSC-051, ¶¶ 1, 67, 100 N.M. 108).

The Court agreed and dismissed the claims in Counts I-IV on this basis. [Doc. 31 at 11] ("New Mexico courts do not consider prison guards and other state corrections officers to be law enforcement officers' under the NMTCA."); [*Id*. at 11 n.9] (denying Plaintiff's request to certify

the question of whether state prison officers are law enforcement officers for purposes of Section 41-4-12 and noting the New Mexico Court of Appeals addressed this question in *Callaway,* 1994–NMCA–049); [*Id*. at 14] ("Defendant Martinez does not meet an exception to immunity under the NMTCA. Defendants Lucero-Ortega and Perez, as warden and deputy warden, are neither directly liable, since they did not commit the torts, nor vicariously liable for the actions of a non-excepted employee. Defendant State and its agencies NMCD and WNMCF are likewise not vicariously liable for the intentional torts of non-excepted employees.").

Now Plaintiff asks the Court to reconsider this decision based on a change in issue of controlling law, namely an amendment to the definition of law enforcement officer under Section 41-4-12 that was signed into law on February 25, 2020 (the "2020 Amendments") [Doc. 48 at 3, § Argument I] ("Specifically, on February 25, 2020, Gov. Lujan Grisham signed into law[1] a substantive change to the law enforcement waiver provision of the New Mexico Tort Claims Act, NMSA 1978, § 41-4-1, et seq., that altered the definition of a "law enforcement officer" in a manner that undermines the prior holdings upon which this Court relied in granting Defendants' Motion."). As Plaintiff explains the effect of the 2020 Amendments is that:

> The 'principal duties' test to determine who is included in the 'law enforcement officer' is no longer the state of the law. Under the new waiver provision, the waiver applies to any state actor who is empowered to arrest for any charge 'whether that duty extends to all crimes or is limited to specific crimes.'

*Id*. (quoting Laws 1976, Chapter 58, Section 12, as amended by the Act signed on February 25,

---

[1] The legislation to which Plaintiff refers is New Mexico Senate Bill ("SB") 5 from the 54th Legislature, 2020 Regular Session of the State Legislature, which consists of the Extreme Risk Firearm Protection Order Act (Section 1-13 of the Bill), and an Amendment to the Liability of Law Enforcement Officer under Section 41-4-12 (Section 14 of the Bill). *See* New Mexico Legislature Homepage, Tab for Legislation search, and Find Legislation by Number Pull Down Selection at https://www.nmlegis.gov/Legislation/BillFinder/Number, then select for Session: 2020 Regular, Chamber : Senate, Type: Bill, Number: 5, and for result, select   § Text, Final Version 2/27/20, *available at* https://www.nmlegis.gov/Legislation/Legislation?Chamber=S&LegType=B&LegNo=5&year=20.

2020 by Governor Michelle Lujan-Grisham).

Defendants do not dispute that the 2020 Amendments *will have* an effect on the question of who constitutes a law enforcement officer for purposes of the NMTCA. As Plaintiff correctly states, going forward, the answer to this question will no longer turn on whether an individual's *principal* duties include those duties enumerated in this Section (duties to maintain order, make arrests, hold persons who are suspected or charged with committing a crime in custody) [*Id.* at 4]. However, the persons who will be affected by the 2020 Amendments do not include Defendants for the simple reason that the Amendments do not operate retroactively. *See* NMSA 1978, § 12-2A-16 (Uniform Laws 1997, ch. 173 § 22, the Uniform Statute and Rule Construction Act, effective July 1, 1997) (Effect of Amendment or Repeal. A. An amendment or repeal of a civil statute or rule **does not affect a pending action or proceeding** or a right **accrued before the amendment** or repeal **takes effect**.") (emphasis added); *see also* NMSA 1978, § 12-2A-8 ("Prospective operation. A statute or rule **operates prospectively only unless the statute or rule expressly provides otherwise or its context requires that it operate retrospectively**.") (emphasis added). Accordingly, and as Defendants explain in more detail below, there is no need to reconsider the decision to dismiss Counts I-IV with prejudice. The definition of law enforcement officer that applies for purposes of Count I-IV is the definition in effect at the time the actions on which these claims are predicated occurred.

## II.     ARGUMENT

**A.     The 2020 Amendments have not taken effect yet, and thus, they have no effect on the Court's previous analysis and determination of what the law was when the claims in Counts I-IV arose and these Counts were pendent.**

It is important to note that SB 5, which incorporates the Amendments to the definition of

"law enforcement officer" in Section 41-4-12, does not take effect until **May 20, 2020**. *See* Homepage for New Mexico Legislature at Session Dates for Second Session of 2020 Legislature, available at https://www.nmlegis.gov/ (providing that the session ended February 20, 2020, and that the "[e]ffective date of legislation is not a general appropriation bill or a bill carrying an emergency clause or other specified date" is May 20, 2020; Legiscan link for Effective Dates at https://legiscan.com/governor-deadlines-effective-dates (noting that the rule for when a statute take effects in New Mexico is as stated "[i]n [the] bill text, otherwise 90 days after adjournment.); and *see also* link to final text of *An Act Relating to Domestic Affairs; Creating the Extreme Risk Firearm Protection Order Act; Providing for the Issuance of Court Orders to Require the Relinquishment of Firearms for Some Period under Certain Circumstances; Clarifying Duties of a Law Enforcement Officer in the Tort Claims Act; Providing Penalties; Amending and Enacting Sections of the NMSA 1978*.

It is also important to note New Mexico has also enacted the Uniform Statute and Rule Construction Act, which specifically that "An amendment or repeal of a civil statute or rule **does not affect a pending action or proceeding** or a right accrued before the amendment or repeal takes effect." (emphasis added). Thus, Plaintiff cannot argue there has been a change in the definition of a "law enforcement officer" for purposes of *the instant action*, which was pending before the 2020 amendments to the NMTCA were passed and well before they will take effect.

The Court must base its analysis of Counts I-IV on the law that applied at the time Counts I-IV accrue and were pending before the Court, not on the date the 2020 Amendments to Section 41-4-12 were signed by the Governor or the date they take effect. In fact, Plaintiff appears to recognize that the 2020 Amendments apply only to cases brought *after* the effective date of the

Amendments. *See* [Doc. 48 at 3-4] ("Indeed, *from the effective date of the Act forward suit is permitted* against any state actor 'vested by law with the power to maintain order, to make arrests for crime or to detain persons suspected of committing a crime, whether that duty extends to all crimes or is limited to specific crimes.' ") (emphasis added).

> **B.     Nothing in the text of SB 5 states that the 2020 Amendments to Section 41-4-12 should have retroactive effect, and the NMTCA is not a remedial statute**.

The Uniform Statute and Rule Construction Act, NMSA 1978, § 12-2A-8, states that "A statute or rule operates prospectively *only* unless the statute or rule *expressly provides otherwise or its context requires that it operate retrospectively*." (emphasis added). Plaintiff does not identify any provision in SB 5 that states the 2020 Amendments in Section 14 of the Act or any other Section of the Act are to operate retroactively. *See* [Doc. 48 at 2-3] (generally).  A careful reading and word search of the text of SB 5 show that the word "retroactive does not appear anywhere in the text. *See* SB 5, Legislation § Text, Final Version 2/27/20, which is *available at* https://www.nmlegis.gov/Legislation/Legislation?Chamber=S&LegType=B&LegNo=5&year=20, and is reproduced here for the convenience of the Court as "Exhibit A" to this Response.

Moreover, the New Mexico Supreme Court has already considered whether the NMTCA operates as a remedial statute and concluded it does not.  *See Methola v. Eddy Cty*., 1980-NMSC-145, ¶ 14, 95 N.M. 329 ("The Tort Claims Act is a remedial act which applies only prospectively, in the absence of expressed legislative intent to make it retroactive.") (citing *Southwest Distributing v. Olympia Brewing*, 90 N.M. 502, 565 P.2d 1019 (1977)). This Court is bound by the definition of "law enforcement officer" that applied to Section 41-4-12 when Plaintiff's injuries arose and her claims for sexual assault, battery, false imprisonment and deprivation of her state constitutional rights was pending. Those claims are no longer pending; the Court dismissed them

with prejudice by a separate order of Partial Final Judgment on October 23, 2019. *See* [Doc. 32].

Plaintiff's Motion to Reconsider is foreclosed by the application of NMSA 1978, § 12-2A-8 to the Final Version of SB 5, and by New Mexico Supreme Court's finding in *Methola* applies only prospectively absent expressed legislative intent to the contrary. The 2020 Amendments do not express any intent that the new definition of "law enforcement officer" adopted therein should operate retroactively. Consequently, the new definition does not operate that way for purposes of the claims in Counts I-IV that were asserted as falling under the waiver of immunity in Section 41-4-12.

Additionally, for these same reasons, there is no need to ask the Court to certify the question of whether a CO Martinez and Lucero-Ortega met the definition of "law enforcement officer" that was in effect prior to the 2020 Amendments. They did not, and thus, in 2019, they were entitled to sovereign immunity on any intentional torts claims or state constitutional claims propounded pursuant to the waiver in Section 41-4-12.

        Respectfully submitted,

        ROBLES, RAEL & ANAYA, P.C.

        By:    /s/ Philomena Hausler
                  Philomena Hausler
                  Luis Robles
                  Marcus J. Rael, Jr.
                  Attorneys for Defendants
                  500 Marquette Ave., NW, Suite 700
                  Albuquerque, New Mexico 87102
                  (505) 242-2228 (telephone)
                  (505) 242-1106 (facsimile)
                  philomena@roblesrael.com
                  luis@roblesrael.com
                  marcus@roblesrael.com

## CERTIFICATE OF SERVICE

I hereby certify that on this <u>6th</u> day of April 2020, I filed the foregoing brief entitled "Defendants' Response to Motion to Reconsider Order Granting Defendants' Motion for Judgment on the Pleadings with Respect to Counts I-IV under the New Mexico Tort Claims Act" electronically via the Court's CM/ECF system, which caused all counsel of record to be served with an electronic copy of this document.


<u>/s/ Philomena Hausler</u>
Philomena Hausler