## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

VERONICA GARCIA,

    Plaintiff,

    vs.                                  Civ. No. 19-641 JAP/LF

MICHAEL MARTINEZ, ET AL.,

    Defendants.

### MEMORANDUM OPINION AND ORDER

On March 22, 2020, Plaintiff Veronica Garcia filed PLAINTIFF'S MOTION TO RECONSIDER ORDER GRANTING DEFENDANT MICHAEL MARTINEZ, STATE OF NEW MEXICO, NEW MEXICO CORRECTIONS DEPARTMENT, WESTERN NEW MEXICO CORRECTIONAL FACILITY, ROBERTA LUCERO-ORTEGA, AND PETE PEREZ' MOTION FOR JUDGMENT ON THE PLEADINGS WITH RESPECT TO COUNTS I-IV PURSUANT TO RULE 59(e) AND MEMORANDUM IN SUPPORT THEREOF ("Motion") (Doc. No. 48). Plaintiff seeks a reconsideration of the Court's October 23, 2019, MEMORANDUM OPINION AND ORDER ("Opinion") (Doc. No. 31) granting Defendants' MOTION FOR JUDGMENT ON THE PLEADINGS WITH RESPECT TO COUNTS I-IV (Doc. No. 15). Plaintiff argues that the recent amendments to the New Mexico Tort Claims Act ("NMTCA") justify reconsideration of the Court's Opinion. For the reasons discussed below, the Court disagrees and will accordingly deny the Motion.

### Background

The Court has already detailed the basic facts in its previous Opinion and will not repeat them here. *See* Op. at 2. As is relevant to this Motion, on February 25, 2020, Governor Lujan-Grisham signed into law An Act Relating To Domestic Affairs; Creating The Extreme Risk

Firearm Protection Order Act; Providing For The Issuance Of Court Orders To Require The

Relinquishment Of Firearms For Some Period Under Certain Circumstances; Clarifying Duties

Of A Law Enforcement Officer In The Tort Claims Act; Providing Penalties; Amending and

Enacting Sections of the NMSA 1978, S.B. 5, 54th Leg., Regular Sess. (N.M. 2020) ("2020

Amendments"). Section Fourteen of the 2020 Amendments changes the language of the

NMTCA, NMSA 1978 § 41-4-12, to now read:

> LIABILITY—LAW ENFORCEMENT OFFICERS—The immunity granted
> pursuant to Subsection A of Section 41-4-4 NMSA 1978 does not apply to
> liability for personal injury, bodily injury, wrongful death or property damage
> resulting from assault, battery, false imprisonment, false arrest, malicious
> prosecution, abuse of process, libel, slander, defamation of character, violation of
> property rights, failure to comply with duties established pursuant to statute or
> law or deprivation of any rights, privileges or immunities secured by the
> constitution and laws of the United States or New Mexico when caused by law
> enforcement officers while acting within the scope of their duties. For purposes of
> this section, "law enforcement officer" means a public officer vested by law with
> the power to maintain order, to make arrests for crime or to detain persons
> suspected of committing a crime, whether that duty extends to all crimes or is
> limited to specific crimes.

2020 Amendments, § 14. The 2020 Amendments took effect on May 20, 2020. *See* N.M. Const.

art. IV, § 23 (stating that new laws take effect 90 days after the adjournment of the legislature).

At the time of the Opinion, § 41-4-12 contained one definition of "law enforcement

officer," found in § 41-4-3. The NMTCA previously defined a "law enforcement officer" as:

> a full-time salaried public employee of a governmental entity, or a certified part-
> time salaried police officer employed by a governmental entity, whose principal
> duties under law are to hold in custody any person accused of a criminal offense,
> to maintain public order or to make arrests for crimes, or members of the national
> guard when called to active duty by the governor[.]

NMSA 1978 § 41-4-3(D). The Court concluded that under New Mexico law at the time, the

Defendants, as corrections officers and their employers, did not qualify as "law enforcement

officers." *See* Op. at 12. This meant that the NMTCA immunized Defendants for the intentional

2

torts inflicted upon Plaintiff. *Id*. The Court accordingly dismissed Plaintiff's intentional tort claims. *Id*. at 16.

## Motion to Reconsider

Plaintiff argues that the change in the NMTCA, as a result of the 2020 Amendments, necessitates a reconsideration of the Court's previous partial dismissal. Mot. at 3.  The Court may grant a motion to reconsider when it has misapprehended the facts, a party's position, or the law. *See United States v. Huff*, 782 F.3d 1221, 1224 (10th Cir. 2015) Specific situations where circumstances may warrant reconsideration include: (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice. *Servants of The Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). But a motion to reconsider "is not a second chance for the losing party to make its strongest case or to dress up arguments that previously failed." *Huff*, 782 F.3d at 1224. Further, a motion to reconsider "should not be used to revisit issues already addressed or advance arguments that could have been raised earlier." *United States v. Christy*, 739 F.3d 534, 539 (10th Cir. 2014).

The issue here is whether the 2020 Amendments constitute an intervening change in the controlling law. Defendants argue that, although the 2020 Amendments are a change to the NMTCA, the 2020 Amendments would not apply retroactively to Plaintiff's claims. *See* DEFENDANTS' RESPONSE TO MOTION TO RECONSIDER ORDER GRANTING DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS WITH RESPECT TO COUNTS I-IV UNDER THE NEW MEXICO TORT CLAIMS ACT ("Response") (Doc. No. 51) at 4. Under New Mexico law, "[a]n amendment or repeal of a civil statute or rule does not affect a pending action or proceeding or a right accrued before the amendment or repeal takes effect." NMSA 1978 § 12-2A-16(A). Furthermore, "[a] statute or rule operates prospectively

3

only unless the statute or rule expressly provides otherwise or its context requires that it operate retrospectively." *Id*. at § 12-2A-8.

"[T]he general rule is that statutes apply prospectively unless the Legislature manifests clear intent to the contrary." *Wood v. State of New Mexico Educ. Ret. Bd.*, 2011-NMCA-020, ¶ 21, 149 N.M. 455, 250 P.3d 881 (quoting *Gallegos v. Pueblo of Tesuque*, 2002-NMSC-012, ¶ 33, 132 N.M. 207, 46 P.3d 668). "[T]he adoption of a statutory amendment 'is presumptive evidence of a legislative intention to change existing law.'" *Wood*, 2011-NMCA-020, ¶ 2 (quoting *Rutherford v. Chaves County*, 2003–NMSC–010, ¶ 21, 133 N.M. 756, 69 P.3d 1199). Where the language of a statute "does not specifically evince a legislative intent that the act should be applied retrospectively," the law must be applied prospectively. *City of Albuquerque v. State ex rel. Vill. of Los Ranchos de Albuquerque*, 1991-NMCA-015, ¶ 32, 111 N.M. 608, 808 P.2d 58. "The presumption [against retrospective legislation] is premised upon policy considerations that individuals, in planning and conducting their business, should be able to rely with reasonable certainty on existing laws. *Id*.

"On the other hand, a statute or regulation is considered retroactive if it impairs vested rights acquired under prior law or requires new obligations, imposes new duties, or affixes new disabilities to past transactions." *Wood*, 2011-NMCA-020, ¶ 21. Where a statutory amendment clarifies the existing law, that amendment is retroactive. *See Swink v. Fingado*, 1993-NMSC-013, ¶ 35, 115 N.M. 275, 850 P.2d 978. "A clarification occurs when, rather than amending an existing law to provide a change, a statutory provision is amended to clarify what was previously implicit in the law." *Wood*, 2011-NMCA-020, ¶ 25.

It may be easy, at first blush, to conclude that the 2020 Amendments were "clarifications," given that the title of the act includes "Clarifying Duties Of A Law Enforcement

Officer In The Tort Claims Act." But the amendment provides a change to the existing definition of "law enforcement officer," rather than clarifying an implicit understanding of that definition. This is a "clarification" in name only. Nothing suggests that the legislature's change in the definition of "law enforcement officer" was intended to clarify a prior implicit understanding of that definition. The Court must presume that the state legislature is aware of the law when it makes changes to that law. *See Herrera v. Quality Imports,* 1999-NMCA-140, ¶ 8, 128 N.M. 300, 992 P.2d 313. If the state legislature "intended to simply correct an existing oversight in the law, or clarify what the law was always meant to say, it should have expressly provided for retroactive application in the amendment's text." *Wood*, 2011-NMCA-020, ¶ 27.

Plaintiff believes that the context of the 2020 Amendments evinces an intent to apply the new waiver of immunity to pending cases. *See* PLAINTIFF'S REPLY TO DEFENDANT MICHAEL MARTINEZ, STATE OF NEW MEXICO, NEW MEXICO CORRECTIONS DEPARTMENT, WESTERN NEW MEXICO CORRECTIONAL FACILITY, ROBERTA LUCERO-ORTEGA AND PETE PEREZ' RESPONSE TO PLAINTIFF'S MOTION TO RECONSIDER ORDER GRANTING DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS WITH RESPECT TO COUNTS I-IV UNDER THE NEW MEXICO TORT CLAIMS ACT [DOC. 51] ("Reply") (Doc. No. 62) at 3 (citing NMSA 1978 § 12-2A-8). Plaintiff analogizes the 2020 Amendments to when the New Mexico Supreme Court abolished the state's common-law immunity in *Hicks v. New Mexico*, 1975-NMSC-056, 88 N.M. 588, 544 P.2d 1153, and the state legislature responded by enacting the NMTCA. Reply at 4. Here, Plaintiff argues, just as the "revocation of sovereign immunity under *Hicks* was immediate and was applied to then-pending cases[,]" the change in immunity here should apply to pending cases as well. *Id*. at 5. Plaintiff goes so far as to say the Court should presume that "a statement that the

change did not affect pending cases would have been included [in the 2020 Amendments] if the waiver [of immunity] was not intended to affect pending actions." *Id.* Plaintiff does not cite to any cases to support these claims and these arguments obviously run counter to the presumption against retroactivity. Plaintiff's theory does not illuminate how the 2020 Amendments "impair[] vested rights acquired under prior law or require[] new obligations, impose[] new duties, or affix[] new disabilities to past transactions" by simply adding a new definition for "law enforcement officer." *Wood*, 2011-NMCA-020, ¶ 21. The 2020 Amendments will potentially impose new liability upon corrections officers, but not for past transactions. Moreover, Plaintiff's argument belies the sea change to the landscape of governmental tort suits ushered in by *Hicks* and the NMTCA. The change from common law immunity to legislatively prescribed immunity may have indeed required a different analysis—but the 2020 Amendments, which were tacked on to the end of unrelated firearms legislation, simply do not go this far. "[A] statute does not operate retroactively merely because some of the facts or conditions which are relied upon [in the case] existed prior to the enactment." *City of Albuquerque*, 1991-NMCA-015, ¶ 32.

As a fundamental judicial principle, the Court cannot read into the statute that which is not there. Plaintiff insists that the context of the 2020 Amendments, in expanding tort liability, is evidence of intent for its retroactivity. "The standard of 'clear congressional intent' for the retroactive application of statutes requires articulated and clear statements on retroactivity, not inferences drawn from the general purpose of the legislation." *DeVargas v. Mason & Hanger-Silas Mason Co.*, 911 F.2d 1377, 1387 (10th Cir. 1990). And "[l]egislative silence is at best a tenuous guide to determining legislative intent[.]" *Swink*, 1993-NMSC-013, ¶ 29. The Court cannot derive intent from the mere fact that the legislature acted, especially when the legislature could have easily included language of its intent. *Id*.

Finally, Plaintiff contends that the Court must read the statute in a way that avoids an arbitrary and capricious result. Reply at 7. Plaintiff posits that reading the statute as operating only prospectively will arbitrarily deny relief to those asserting tort claims within the statute of limitations but before the 2020 Amendments took effect. *Id*. The Court, however, need not interpret the 2020 Amendments at all. As Plaintiff herself notes, "[w]hen a statute contains language which is clear and unambiguous, [a court] must give effect to that language and refrain from any further statutory interpretation." *State v. Chavez*, 2019-NMCA-068, ¶ 10, 451 P.3d 115, *cert. denied* (Sept. 6, 2019). This includes not only the 2020 Amendments, but also NMSA 1978 §§ 12-2A-16(A) and 12-2A-8, which dictate that absent language to the contrary, statutory amendments operate prospectively. Plaintiff has not identified any ambiguity in the text of the 2020 Amendments that would require judicial interpretation. Any "arbitrary" distinction created by new legislation is a distinction created by the legislature. And the decision to codify applying statutes prospectively was of the legislature's creation as well. The Court understands that this result means future claimants will receive the benefits of the new law and previous claimants will not. While this situation may be unfair to the earlier claimants, the proper remedy is a legislative one, not a judicial one.

### Conclusion

Plaintiff has not sufficiently demonstrated that the 2020 Amendments to the NMTCA control the case here. Although the law has changed, the *controlling* law has not. The Court will therefore not reconsider its dismissal of the intentional tort claims in its original Opinion.

IT IS THEREFORE ORDERED that PLAINTIFF'S MOTION TO RECONSIDER ORDER GRANTING DEFENDANT MICHAEL MARTINEZ, STATE OF NEW MEXICO, NEW MEXICO CORRECTIONS DEPARTMENT, WESTERN NEW MEXICO

CORRECTIONAL FACILITY, ROBERTA LUCERO-ORTEGA, AND PETE PEREZ'
MOTION FOR JUDGMENT ON THE PLEADINGS WITH RESPECT TO COUNTS I-IV
PURSUANT TO RULE 59(e) AND MEMORANDUM IN SUPPORT THEREOF (Doc. No. 48)
is DENIED.

_____
SENIOR UNITED STATES DISTRICT JUDGE